1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                            CENTRAL DISTRICT OF CALIFORNIA

10                                    WESTERN DIVISION

11   UNITED STATES OF AMERICA,           )        Case No. CR 89-272 RMT
                                         )
12                  Plaintiff,           )        ORDER DENYING
                                         )        DEFENDANT'S MOTION FOR
13           vs.                         )        REDUCTION OF SENTENCE
                                         )        PURSUANT TO 18 U.S.C. §
14   CHARLES DAVID TOOKS,                )        3582 (c) (2)
                                         )
15                  Defendant.           )
                                         )
16   _____     )

17          This matter has come before the court on the motion by Defendant Charles David

18   Tooks ("Defendant" or "Mr. Tooks") for a reduction of sentence pursuant to 18 U.S.C. §

19   3582 (c) (2). The court, having considered Defendant's moving papers, the record in this

20   case, and other papers filed in this matter, finds as follows.[1]

21          Defendant argues that because the court "apparently considered the difference

22   between" a sentence option based on the Drug Quantity Table pursuant to USSG §

23   2D1.1 and Mr. Tooks' career offender Guideline range, the "sentencing range" to which

24   Mr. Tooks was sentenced was delineated by the sentencing option based on the Drug

25   Quantity Table, on one end, and the sentencing option based on the career offender on

26

27          [1] Under Federal Rules of Criminal Procedure, Rule 43(b)(4), a defendant need
     not be present  when the proceeding involves a correction or reduction of sentence under
28   18 U.S.C. § 3582 (c).

                                              1

1  the other end.  Def.'s Took's Supplemental Brief to Reduce his Sentence Pursuant to 18

2  U.S.C. § 3582 (c) ("Def.'s Br."), Docket No. 108, at 13.  Because Amendment 706 to

3  the Sentencing Guidelines (the "crack amendment") lowered the sentencing levels

4  linked to the Drug Quantity Table, Defendant argues the "sentencing range" to which he

5  was sentenced "has subsequently been lowered by the Sentencing Commission," *Id.*

6  Defendant thus argues that under 18 U.S.C. § 3582 (c) (2),[2]  this court has the discretion

7  to reduce Mr. Tooks sentence under the crack amendment, which was made retroactive

8  by Amendment 713 effective March 3, 2008.

9      Although ingenious, Defendant offers no authority to support the argument that

10  the definition of "sentencing range" under 18 U.S.C. § 3582 (c) (2) includes the level set

11  forth by the Drug Quantity Table under the Sentencing Guidelines when a defendant

12  was found to be a career offender.  Rather than linked to the Sentencing Guidelines'

13  Drug Quantity Table, following Congress' mandate under 28 U.S.C. § 994 (h), the

14  career offender provision of the Sentencing Guidelines was linked to "the maximum

15  term authorized by statute." *United States v. Summers*, 895 F.2d 615, 617 (9th Cir.

16  1990).  As Mr. Tooks was sentenced based on a sentencing range under the career

17  offender provision, which in turn was based on the U.S.C. 841's statutory maximums,

18  and not the Drug Quantity Table which the crack amendment addresses, the crack

19  amendment does not provide a basis for reducing Mr. Tooks' sentence pursuant to 18

20  U.S.C. § 3582 (c) (2).

21

22      [2]  A court may reduce a sentence pursuant to 18 U.S.C. § 3582 (c) (2), which
provides, in part, that:
23

24      [I]n the case of a defendant who has been sentenced to a term of imprisonment
based on a sentencing range that has subsequently been lowered by the
Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the
25      defendant or the Director of the Bureau of Prisons, or on its own motion, the court
may reduce the term of imprisonment, after considering the factors set forth in
26      section 3553(a) to the extent that they are applicable, if such a reduction is
consistent with applicable policy statements issued by the Sentencing
27      Commission.

28  18 U.S.C. § 3582 (c) (2) (West 2008).

1          Accordingly,

2          IT IS ORDERED that Defendant's Motion for Reduction of Sentence Pursuant to

3    18 U.S.C. § 3582 (c) (2) is HEREBY DENIED.

4

5

6    Dated: December 10, 2008.

7                                        _____

8                                        ROBERT M. TAKASUGI
                                         United States District Sr. Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28